# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States Commodity Futures Trading Commission <br> Plaintiff, <br> v. <br> Alvin Guy Wilkinson, Chicago Index Partners, L.P. and Wilkinson Financial Opportunity Fund, L.P. <br> Defendants, | No. 16 C 6734 <br> Judge Virginia M. Kendall |

## **MEMORANDUM OPINION AND ORDER**

On June 28, 2016, the Commodity Futures Trading Commission ("CFTC") filed a complaint seeking injunctive relief, disgorgement, restitution, and civil penalties from Defendant Alvin Guy Wilkinson and two commodity pools that he controlled, which the CFTC alleged defrauded at least 30 individuals out of $6.9 million. (Dkt. 1.) On July 21, 2016, this Court entered a preliminary injunction, which among other things, imposed an asset freeze, prohibiting any person that received actual notice of the Order to "Permit Defendants and or other persons to withdraw, remove, assign, transfer, pledge, encumber, disburse, dissipate, convert, sell or otherwise dispose of Defendant(s)' assets, except as directed by further order of the Court." (Dkt. 17 at 7.) The preliminary injunction noted that there was "good cause to believe immediate and irreparable harm to the Court's ability to grant effective final relief to the" Defendants' victims because Wilkinson's recent conduct, which included transferring his interest in his home (the "Sharon Property") to his wife in October 2015 without consideration, indicated that there was a risk that he would dissipate assets. (Dkt. 17 at 5.) Since that time, the Court defaulted Wilkinson and the related commodity pools and a motion for default judgment as to all defendants is currently pending before the Court. (*See* Dkt. Nos. 24, 29.)

1

Under consideration are two motions filed by Alexandra Wilkinson, the Defendant's wife. Mrs. Wilkinson, who is in the midst of divorce proceedings with the Defendant, wishes to intervene in the instant suit pursuant to Federal Rule of Civil Procedure 24 for the purpose of seeking relief from the preliminary injunction in order to finalize her divorce. (Dkt. 26.) In her motion, Mrs. Wilkinson asserts that the asset freeze entered by this Court as part of the preliminary injunction "arguably precludes entry of the . . . divorce decree" because it prevents the withdrawal, removal, assignment, or transfer of the Defendant's assets, some of which are apparently marital assets. (*Id.* ¶ 24.) Mrs. Wilkinson apparently seeks modification of the preliminary injunction to, *inter alia*, declare that she is the sole owner of: (1) the Sharon Property; (2) two vehicles jointly owned by Mrs. Wilkinson and Mr. Wilkinson; and (3) all tangible personal property located at the Sharon Property.[1] (*Id.* ¶¶ 22-23.) The CFTC opposes Mrs. Wilkinson's motion, arguing that intervention is unnecessary and unwarranted. (Dkt. 30.) For the reasons set forth below, Mrs. Wilkinson's motion to intervene is denied, as is her request to modify the preliminary injunction.

## I.  Intervention as of Right under Rule 24(a)

A party seeking to intervene as of right must satisfy four requirements: (1) the motion to intervene must be timely; (2) the party seeking to intervene must claim an interest related to the subject matter of the action; (3) the party seeking to intervene must be so situated that the disposition of this action threatens to impair or impede the party's ability to protect that interest; and (4) the existing parties must not be adequate representatives of the movant's interest. Fed. R. Civ. P. 24(a)(2); *see also Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). The

---

[1] All other relief sought by Mrs. Wilkinson, including her requests for child support, alimony, reimbursement for taxes paid and advances, and her claim to her IRA, do not appear to implicate the Court's preliminary injunction and will not be addressed. (*See also* Dkt. 30 at 5.)

party seeking intervention bears the burden of establishing each of these elements. *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003).

The timeliness requirement is a flexible one and is determined by considering the totality of the circumstances, leaving much to the sound discretion of the Court. *See Shea v. Angulo,* 19 F.3d 343, 348-49 (7th Cir. 1994). A prospective intervenor should file "as soon as ... [it] knows or has reason to know that [its] interests might be adversely affected by the outcome of the litigation he must move promptly to intervene." *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000) (quotation omitted). Although the parties have failed to address this element in detail, Mrs. Wilkinson filed her divorce action on June 17, 2016, before the CFTC instituted the instant suit against Mr. Wilkinson. (Dkt. 26 ¶ 3.) There is no doubt that Mrs. Wilkinson knew about the CFTC's suit: she has been deposed by a CFTC attorney and according to the briefing, had other contacts with CFTC counsel. (*See, e.g., id*. ¶ 12.) Yet despite this knowledge of the pending suit, Mrs. Wilkinson failed to file her motion to intervene until the day before the Court entered an order of default against Mr. Wilkinson and she did nothing while the Court originally considered the CFTC's motion for a preliminary injunction. While the Court will not find that her motion was untimely, her motion to intervene could have and should have been filed much sooner.

When evaluating whether the party seeking to intervene has an interest related to the subject matter of the action, the Seventh Circuit has held that the moving party must have a "direct, significant and legally protectable" interest. *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 323 (7th Cir.1995). Although Rule 24 does not define "interest," a mere "economic interest" (i.e. being a creditor of one of the parties) is insufficient. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009). Additionally, in order to have an interest related to the

subject matter of the action, the movant must "be someone whom the law on which his claim is founded was intended to protect." *Id.* at 572. Here, although Mrs. Wilkinson's property interests are potentially affected by the asset freeze, her claims are unrelated to the commodities fraud allegations that comprise the CFTC's complaint. *See Thompson v. United States*, 268 F.R.D. 319, 322 (N.D. Ill. 2010) (finding that party seeking intervention did not have sufficient interest in the suit to merit intervention because it had "no stake in the underlying legal issues or the subject matter of the dispute between [the Defendant] and the government. On the contrary, its interest is a purely practical, economic one—namely, to protect its ability to collect its debt. Simply put, an interest of this kind does not satisfy Rule 24(a)."); *SEC v. Benger*, No. 09 C 0676, 2010 WL 724416, at *2 (N.D. Ill. Feb. 23, 2010) (finding that wife seeking divorce had insufficient interest in frozen assets to intervene in SEC fraud action against her husband because she did not make showing that the frozen assets were lawfully derived or even demonstrate conclusively that the frozen assets were marital assets); *SEC v. Univ. Lab Techs., Inc.*, No. 07-80838-CIV, 2009 WL 723243, at *3 (S.D. Fla. Mar. 18, 2009) (denying soon-to-be ex-wife's motion to intervene because "she is an individual completely outside the realm of this securities fraud action who is attempting to inject a personal claim totally unrelated to the SEC's enforcement proceedings at bar").[2]

An intervenor must also show that disposition of the underlying action may impair the intervenor's ability to protect its interest in the litigation. *Reich*, 64 F.3d at 321. "Impairment exists when the decision of a legal question . . . would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding." *Shea*, 19 F.3d at 347 (citation omitted). Here, Mrs. Wilkinson has not made such a showing. In fact, she admits that even if her motion

---

[2] To the extent Mrs. Wilkinson seeks to intervene based on the fact that she was defrauded by her husband, the Seventh Circuit prohibits intervention on that basis. *See Flying J. Inc.*, 578 F.3d at 579.

to intervene is denied, if the district court considers her plea for relief, that consideration would be a sufficient alternative remedy to protect her interests. (*See* Dkt. 31 at 5) (indicating that she has no objection to denial of her motion to intervene if the "Court is prepared to consider the relief requested in the Motion regarding the Preliminary Injunction without granting formal intervention").

Consistent with her position and as detailed below, the Court will consider her motion for relief from the preliminary injunction without her status as an intervening party, as she has failed to satisfy the second and third prongs of the Rule 24(a)(2) test. To the extent there is an additional proceeding, such as an enforcement proceeding brought by the CFTC to satisfy a judgment against the Defendants, that proceeding would be a more appropriate venue for Mrs. Wilkinson's intervention. *See CFTC v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 387 (7th Cir. 1984) (affirming denial of motion to intervene because alternative forums, which included claims submitted to the receiver and the district court's review of any denials thereof would not impair rights of party seeking to intervene); *CFTC v. Chilcott Portfolio Mgmt., Inc.*, 725 F.2d 584, 587 (10th Cir. 1984) (same); *SEC v. Marshall*, No. 1:13-CV-3032-TCB, 2013 WL 12067459, at *2 (N.D. Ga. Nov. 15, 2013) (denying ex-wife's motion to intervene in SEC action because her ability to protect her interest was not impaired by the asset freeze).

Finally, parties seeking to intervene must show that the existing parties to the action do not adequately represent their interests. *See* Fed. R. Civ. P. 24(a)(2). Because Mrs. Wilkinson has not satisfied her burden regarding the second and third prongs of Rule 24(a)(2), the Court need not address the fourth prong in depth. That being said, while the CFTC may adequately represent Mrs. Wilkinson in her capacity as a defrauded investor, that is not the basis upon which she filed her motion to intervene.

## II.     Permissive Intervention under Rule 24(b)

Mrs. Wilkinson alternatively seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b). Even when intervention as of right is not available, courts have the ability to exercise their considerable discretion to allow permissive intervention under Rule 24(b). *See Sokaogon Chippewa Cmty.*, 214 F.3d at 949. Permissive intervention is allowed only when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court declines to invoke its considerable discretion to permit Mrs. Wilkinson to intervene pursuant to Fed. R. Civ. P. 24(b). As discussed above, Mrs. Wilkinson's claims relate to certain property at issue in her divorce action and are too distinct from the CFTC's allegations of fraud to conclude that they share common questions of law or fact with the underlying commodities fraud suit. Even if the Court found that they shared a common question of fact, Mrs. Wilkinson's request is still deficient as the issues she raised are collateral or extrinsic to the CFTC's fraud suit. *See, e.g.*, *City of Rockford v. Sec'y of Hous. & Urban Dev.*, 69 F.R.D. 363, 366 (N.D. Ill. 1975) ("A request for permissive intervention . . . . may be denied if the intervenor raises collateral or extrinsic issues, even though the petition presents a common question of law or fact.").

Courts also consider whether permissive intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Vollmer v. Publishers Clearing House*, 248 F.3d 698, 707 (7th Cir. 2001). Mrs. Wilkinson's intervention in the instant matter would necessarily unduly delay and prejudice the adjudication of the CFTC's suit, as liability has already been determined, an unopposed motion for default judgment is pending, and Mrs. Wilkinson does not challenge any of the CFTC's substantive allegations. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332 n.17 (1979) (observing that "additional

issues" and "additional parties" would complicate prosecution of SEC enforcement actions). Furthermore, intervention is unnecessary and does not serve the interests of judicial economy, as the "fairest and most efficient method of handling the matter" is to address Mrs. Wilkinson's substantive claims for relief without granting her motion to intervene. *See SEC v. Homa*, 17 F. App'x 441, 447 (7th Cir. 2001) (affirming denial of creditor's motion to intervene in SEC fraud suit because, inter alia, "the fairest and most efficient method of handling the case was to have [the movant] bring its claims before the Receiver.").

## III. Motion to Modify the Preliminary Injunction

Even though Mrs. Wilkinson's motion to intervene is denied, the Court may still evaluate her motion to modify the preliminary injunction, something she and the CFTC have both suggested. *See, e.g.*, *CFTC v. Battoo*, 66 F. Supp. 3d 1095, 1096 (N.D. Ill. 2014), *aff'd sub nom. CFTC v. Battoo*, 790 F.3d 748 (7th Cir. 2015) (considering but denying motion to modify preliminary injunction after previously denying motion to intervene). "[A] district judge has discretion to revise a preliminary remedy if persuaded that change had benefits for the parties and the public interest." *Battoo*, 790 F.3d at 751.

"A motion to dissolve or modify a preliminary injunction is ordinarily subject to the same analysis as the original injunction. . . . The purpose of a motion to modify . . . an injunction is to demonstrate that changed circumstances make the continuation of the order inequitable." *CFTC v. Garofalo*, No. 10 C 2417, 2010 WL 11245430, at *3 (N.D. Ill. Dec. 21, 2010) (citations omitted). And the purpose of an asset freeze is "to preserve the status quo by preventing dissipation and diversion of assets." *SEC v. Infinity Grp. Co.*, 212 F.3d 180, 197 (3d Cir. 2000).

Here, although the Court sympathizes with Mrs. Wilkinson's desire to finalize her divorce action, the Court declines to modify the preliminary injunction or provide Mrs.

7

Wilkinson with any of the declaratory relief she requests. Mr. Wilkinson has been found by this Court to have defrauded investors out of several million dollars. The purpose of the asset freeze is to ensure that those investors, which include Mrs. Wilkinson and her father, receive as much of the ill-gotten gains as possible. By declaring that the Sharon property, personal property inside the Sharon Property, and two vehicles co-owned by the Defendant to be the sole assets of Mrs. Wilkinson, this Court would be putting those assets at risk.[3] *See Battoo*, 790 F.3d at 751 (finding no abuse of discretion in district court declining to modify preliminary injunction in commodities fraud case because "releasing the assets would lead to distribution, a step that the judge thought premature").

Additionally, Mrs. Wilkinson has not made any accounting of the personal property in the Sharon Property to either the CFTC or this Court, nor has she made any showing that the personal property, vehicles, or the Sharon property itself were not purchased with the fruits of her husband's fraud. *See SEC v. Patel*, No. CIV. 10-4937 JNE FLN, 2011 WL 1260177, at *2 (D. Minn. Mar. 11, 2011), *report and recommendation adopted*, No. CIV. 10-4937 JNE FLN, 2011 WL 1260157 (D. Minn. Apr. 5, 2011) (recommending modification of asset freeze to release funds in wife's 401k after she demonstrated, with evidence, that certain funds were solely hers and not the product of the fraud).

---

[3] In her reply brief, Mrs. Wilkinson offers to "stipulate that any orders of this Court and the Connecticut Superior Court in the divorce action would be "<u>without prejudice</u>" to the rights of these other parties in this regard." (Dkt. 31 at 2.) This proposed remedy is rejected as it would not prevent the dissipation of assets by Mrs. Wilkinson and it would further complicate the process of recovering assets for the investors defrauded by the Defendants.

## **CONCLUSION**

For the reasons stated herein, Mrs. Wilkinson's motion to intervene and for relief from the preliminary injunction are denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 11/30/2016